IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

GARY D. HAMMOND,
    Plaintiff,

v.

VILLAGE OF CROOKSVILLE, et al.,
    Defendant.

Case No. 2:08-cv-541

JUDGE EDMUND A. SARGUS, JR.

MAGISTRATE JUDGE MARK R. ABEL

## ORDER

Plaintiff Gary D. Hammond brings this action under 42 U.S.C. § 1983 against Defendants the Village of Crooksville, Chief Robin A. Zinn, Assistant Chief Joey A. Carr, and Corporal Nick Sabo. This matter is before the Court on Defendants' February 23, 2009 Motion for Judgment on the Pleadings pursuant to Rule 12(c) of the Federal Rules of Civil Procedure (doc. 25). Plaintiff's February 27, 2009 Motion to Halt Dismissal (doc. 26) and March 11, 2009 Motion to Get Judgment (doc. 28) and Defendants' March 17, 2009 Motion to Strike (doc. 29) are also before the Court.

The complaint alleges that on May 21, 2008, the Crooksville Police Department came to Plaintiff's door without an arrest warrant. The complaint further alleges that when Plaintiff was outside, he was taken to the police station. At the station, Plaintiff signed tickets and was taken to jail. The next day he pleaded not guilty and was released on bond.

Exhibits attached to the complaint indicate that Corporal Sabo, Assistant Chief Carr, and Chief Zinn went to Plaintiff's apartment at about 4:40 p.m. on May 21, 2008 to serve him with a citation for menacing a neighbor. Complaint, Exhs. C and E. According to the officers, they explained that they were there to serve the citation and asked Plaintiff to step outside to explain the charge to him and to talk with him about it. He refused. They then told him he needed to sign acknowledging that he had been served with the citation. Instead of coming outside, Plaintiff ran into the apartment and past a young child who was getting a bath. The officers followed. Plaintiff reached for something and then came toward the officers. A struggle ensued. While they were escorting Plaintiff from the apartment, he began to struggle again. Plaintiff and Assistant Chief Carr fell to the ground, and Plaintiff struck Assistant Chief Carr. Charges were

filed against Plaintiff for assaulting an officer, resisting arrest, creating a substantial risk of harm to a child, and causing inconvenience, annoyance or alarm to another likely to provoke a violent response.

The Court's September 8, 2008 Order concluded that Plaintiff had stated claims for false arrest and false incarceration under 42 U.S.C. § 1983 and stayed the case pending the termination of the criminal charges against Plaintiff. *See* doc. 12. On December 8, 2008, Defendants filed their answer. *See* doc. 18.

Defendants assert that Plaintiff entered a plea of no contest and was found guilty regarding the amended charge of disorderly conduct and charge of disorderly conduct persisting, which resulted from the subject arrest of Plaintiff on May 21, 2008. *See* docs. 18-2 & 18-3. Defendants argue that because Plaintiff has not appealed his criminal convictions, his claims are barred as a matter of law in accordance with *Heck v. Humphrey*, 512 U.S. 477 (1994).

In response, Plaintiff acknowledges that he pleaded no contest to the charges, but he disputes the evidence that was before the state court. He maintains that he pleaded no contest to avoid any further loss of freedom even though all the facts were in his favor. Plaintiff argues that the officers did not have probable cause to arrest him.

In *Daubenmire v. City of Columbus*, 507 F.3d 383 (6th Cir. 2007), the Sixth Circuit held:

> With respect to their Fourth Amendment claim, Plaintiffs are estopped by their pleas in state court from now challenging the reasonableness of their arrest in the instant § 1983 action. *See Walker* [*v. Shaeffer*], 854 F.2d at 142 ("We hold that the [no-contest] pleas in state court made by defendants and the finding of guilt and imposition of fines by that court estop plaintiffs from now asserting in federal court that the defendant police officers acted without probable cause.").

*Id.* at 390. Because Plaintiff pleaded no contest to the charges of disorderly conduct and disorderly conduct persisting, he is now estopped from asserting in this Court that he was arrested without probable cause.

For the reasons stated above, Defendants Village of Crooksville, Chief Robin A. Zinn, Assistant Chief Joey A. Carr, and Corporal Nick Sabo's February 23, 2009 Motion for Judgment on the Pleadings (doc. 25) is **GRANTED**. Plaintiff Gary D. Hammond's February 27, 2009 Motion to Halt Dismissal (doc. 26) and March 11, 2009 Motion to Get Judgment (doc. 28) are **DENIED**, and Defendants' March 17, 2009 Motion to Strike (doc. 29) is **MOOT**.

The Clerk of Court is **DIRECTED** to enter **JUDGMENT** for Defendants. This case is hereby **DISMISSED**.

**IT IS SO ORDERED.**

_4-7-2009_
**DATED**

**EDMUND A. SARGUS, JR.
UNITED STATES DISTRICT JUDGE**